# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT V. WONSCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SMART COMMUNICATIONS, US, INC.; SMART JAIL MAIL.COM; SUMMIT, an Elior Company; F. DeWAYNE BEGGS DETENTION CENTER (C.C.D.C.); JOSEPH K. LESTER, Cleveland County Sheriff, individually and in his official capacity; CLEVELAND COUNTY BOARD OF COUNTY COMMISSIONERS; DOES 1-1,000, | ) ) ) ) ) ) ) ) ) ) ) Case No. CIV-17-342-F |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Robert Wonsch (Plaintiff), a state pretrial detainee appearing pro se and asking to proceed in forma pauperis (ifp), conditionally filed[1] this action seeking relief for alleged violations of his civil rights. Doc. 1.[2] United States District Judge Stephen P. Friot has referred the matter to the undersigned

---

[1] Under the Local Civil Rules of the United States District Court for the Western District of Oklahoma (LCvR), "[p]ending the court's ruling on the [ifp] application, the civil action, suit, or proceeding will be deemed conditionally filed." LCvR3.3(d).

[2] This report cites court filings by their electronic case filing designation and pagination. Quotations are verbatim unless indicated.

Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4.

For the following reasons, the undersigned recommends the dismissal without prejudice of the conditionally filed action.

I. **Plaintiff's applications to proceed ifp.**

Plaintiff did not enclose either the required filing fee or an application to proceed ifp when he mailed his complaint for filing. Instead, he asked the Clerk of Court to send "an 'In Forma Pauperis.'" Doc. 5. The Clerk did so, and Plaintiff then completed and filed an executed application with supporting affidavit "for leave to . . . [c]ommence this action for civil rights relief . . . without prepayment of fees or costs . . . ." Doc. 6, at 1.

Plaintiff's application purportedly included a certified copy of his "institutional account statement . . . for the six-month period immediately preceding the filing of this action, *id.* at 3,[3] but the attached "Inmate Balance History Report – Simple" covered the period beginning on January 13, 2016 and ending on December 24, 2016. *Id.* at 6. Plaintiff filed this action on March

---

[3] "A prisoner seeking to bring a civil action . . . without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

27, 2017. Doc. 1. Because his ifp motion did not include a "certified copy of [his] institutional accounts statement [for] the six-month period immediately preceding" that filing date, the undersigned ordered him to cure that deficiency. Doc. 7, at 1 (bolding omitted). Plaintiff timely filed a new application, Doc. 8, and, this time, the prison official's certification also included a copy of Plaintiff's "Detainee Transaction History" for the period beginning on February 21, 2017 and ending on March 21, 2017. *Id.* at 5.

"In support of [his] application," Plaintiff, "under penalty of perjury," denied "hav[ing] received money" "[w]ithin the past twelve months" "from . . . [a]ny . . . source[]" other than the Veterans Administration. *Id.* at 2.[4] He stated, "I understand that a false statement or answer to any question in this declaration could subject me to penalties of perjury and/or may result in the dismissal of all my claims pursuant to 28 U.S.C. § 1915(e)(2)(a)." *Id.* at 3. He signed this second application on April 10, 2017. *Id.* at 3.

## II. Dismissal under 28 U.S.C. § 1915(e)(2)(A).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

---

[4] Plaintiff explained that his monthly $108 in "VA Benifits" were "awarded to Ex wife for Child Support – I get $0.00 of it." Doc. 8, at 2.

3

"[P]overty," *id.*, is not defined and its meaning in the statutory scheme is not implicit. So, not surprisingly, "[c]ourts have disagreed about the precise meaning of this statute," including whether it "requires dismissal if the allegations in the affidavit are ultimately discovered to be untrue" or if "dismissal is only warranted if the plaintiff was not actually impoverished."[5] *Campbell v. Whetsel*, No. CIV-08-1010-R, Doc. 66, at 2-3 (W.D. Okla. May 29, 2009) (unpublished report & recommendation.), *adopted*, 2009 WL 2382819, at *1 (W. D. Okla. July 29, 2009) (unpublished order) (finding prisoner's failure to "list his assets" or acknowledge funds in a prison savings account when called on by the ifp affidavit to do so mandated the dismissal of his action without prejudice).

The undersigned recommends that result in this case. The certified account statements submitted by the authorized prison official prove Plaintiff's declaration that "[w]ithin the past twelve months" he has not "received money from . . . [a]ny . . . source[]" other than the Veterans Administration," Doc. 8, at 2, is simply "untrue." 28 U.S.C. § 1915(e)(2)(A). From March 27, 2016 through March 27, 2017, deposits in the following amounts were posted to

---

[5] As then-Magistrate Judge Bacharach noted, "[t]he Tenth Circuit Court of Appeals has not addressed the two approaches." *Campbell*, No. CIV-08-1010-R, Doc. 66, at 3.

4

Plaintiff's account: $20.00; $15.50; $20.00; $45.00; $20.00; $20.00: $50.00; $25.00; and $50.00. Doc. 8, at 5-6.[6] Plaintiff not only failed to disclose these deposits, he failed to, as required, "describe each source." *Id.* at 2. This omission is significant: it is possible that a source of money could satisfy Plaintiff's filing fee, fully or in part. Without the requisite disclosure, the court cannot make that determination.

Plaintiff was necessarily aware that these deposits had been made to his account, and it is difficult to conceive of any reason for misinterpretation when he declared otherwise in his second affidavit in support of his ifp application.[7] But, whether Plaintiff intended to deceive the court is not the issue, and the undersigned is *not* recommending the dismissal of his action *with* prejudice. Nonetheless, "the wrongful act of making false statements to the court is *always* harmful." *McRoyal v. Commonwealth Edison Co.*, 263 F. App'x 500, 502 (7th Cir. 2008) (emphasis added). So, the undersigned recommends the dismissal of Plaintiff's action without prejudice, giving him the opportunity to

---

[6] It is possible that Plaintiff received additional funds. Transactions for the period between December 24, 2016 and February 21, 2017 are not reflected in either account statement. Doc. 8, at 5-6.

[7] Most of the deposits were documented in the application he first submitted. Doc. 6, at 6.

refile his action, if he elects to do so, after eliminating all "false statements," *id.*, in any court submission.[8]

## III. Recommendation and notice of right to object.

For the reasons stated and under 28 U.S.C. § 1915(e)(2)(A), the undersigned recommends the dismissal of this action without prejudice to refiling. Adoption of this recommendation would moot Plaintiff's pending applications for ifp status. Docs. 6, 8.

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before May 30, 2017, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter.

---

[8] It is not sufficient that Plaintiff, for example, simply refile a truthful ifp application with supporting affidavit. Under the statute, dismissal—either with or without prejudice—is required. *See Campbell*, 2009 WL 2382819, at *1; *see McRoyal*, 263 F. App'x at 502 ("Having found that [Plaintiff] lied, the district court was obligated to dismiss the case . . . .").

ENTERED this 10th day of May, 2017.

                                                 *[signature]*
                                            SUZANNE MITCHELL
                                            UNITED STATES MAGISTRATE JUDGE